# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON LEE BROWN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES DEPARTMENT OF JUSTICE, et al.** | : | **NO. 17-1491** |

## MEMORANDUM

**DAVIS, J.**                                                            **APRIL 11th, 2017**

Plaintiff Jason Lee Brown brings this civil action against the United States Department of Justice, the United States Federal District Court for the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, the United States Congress, and the Delaware County Office of Judicial Support (Delaware County Courthouse & Government Center). He seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

Plaintiff alleges that the events giving rise to his claims took place on March 16, 2017 between 9:45 a.m. and 11:45 a.m. His complaint is based entirely on the following allegations:[1]

> The plaintiff is being used as a legislative component by both, United States Senate and House of Representatives in which the United States Congress is responsible for the theft of trade secrets and also committing acts of peonage, forced labor, etc. The United States Congress possessed trade secret through fraud, deception and artifice, placing the plaintiff through forced labor.

(Compl. at 3.)

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he cannot afford to pay the fees to commence this civil action. Accordingly, 28 U.S.C. §

---

[1] Although plaintiff wrote "additional sheets of paper necessary" on his complaint, he did not attach any additional papers to his pleading.

1915(e)(2)(B)(i) requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Additionally, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Even giving plaintiff's allegations the broadest possible construction, the Court cannot clearly discern the factual basis for his claims or fathom a non-frivolous basis for a claim against the named defendants, especially in light of the immunity afforded to them under the civil rights laws. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) (explaining that *Bivens* "is concerned solely with deterring the unconstitutional acts of individual officers"); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity). Accordingly, the Court will dismiss the complaint as legally frivolous and for failure to comply with Rule 8(a). Plaintiff will not be given leave to file an amended complaint as amendment would be futile, especially in light of plaintiff's prior

frivolous filings in this Court.[2]  An appropriate order follows, which shall be docketed separately.

---

[2] *See* E.D. Pa. Civ. A. Nos. 16-6349; 16-5610; 16-5059; 16-4578 & 16-2660.